IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO. C-04-284 |
| | § | |
| 1999 KENWORTH TRACTOR, | § | |
|     Defendant | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff United States of America seeks forfeiture *in rem* of a 1999 Kenworth Tractor (Vehicle Identification Number 1XKTDR9X5XJ793035)("Defendant Tractor") pursuant to 21 U.S.C. § 881(a)(4) (D.E. 1).  Pending is plaintiff's motion for summary judgment and order of forfeiture (D.E. 15).  It is respectfully recommended that plaintiff's motion be granted.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

## BACKGROUND

On December 15, 2003 Amador Celedon-Benitez ("Celedon") went to the Falfurrias, Texas Border Patrol checkpoint driving Defendant Tractor with a 1996 Utility trailer.  During routine questioning, a Border Patrol dog alerted to the rear of the trailer.  Upon secondary inspection, Border Patrol agents discovered approximately 1,363 pounds of marijuana concealed within the trailer.  Celadon was arrested and subsequently indicted on January 6, 2004 for possession with intent to distribute the marijuana (D.E. 1)[1].

---

[1] During trial on the charges, a mistrial was declared.  The government later moved to dismiss the indictment.  United States v. Celedon-Benitez, No. 04-CR-02 (S.D. Tex. May 26, 2004).

The Defendant Tractor and Trailer were seized by DEA on December 15, 2003. The registered owner of the Defendant Tractor is Cesar Celedon and the government is not aware of any existing lien holders. On February 24, 2004 the Drug Enforcement Agency ("DEA") received a "Claim for Seized Property" from Cesar Celedon through his attorney. The case was transferred to the United States Attorney's Office and the trailer was administratively forfeited by DEA on April 28, 2004 (D.E. 1).

On April 18, 2005 Celedon filed a disclaimer of any and all interest in the Defendant Tractor (D.E. 9). On April 20, 2005 Celedon's attorney filed a motion to withdraw as counsel and the motion was granted. Celedon was ordered to enter a *pro se* appearance, but the order was returned as undeliverable (D.E. 11, 12, 14).

Plaintiff gave public notice of the forfeiture action during the month of June 2004 by publishing notice in the Corpus Christi Caller Times, a newspaper having general circulation where the Defendant Tractor was initially seized by government agents (D.E. 3, 15). No claims have been filed.

## APPLICABLE LAW

**A.  Summary Judgment Standard**

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See FED.R.CIV.P. 56(c). An issue is material if its resolution could affect the outcome of the action. Daniels v. City of Arlington, 246 F.3d 500, 502 (5th Cir.), cert. denied, 122 S. Ct. 347 (2001). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 251-52, 106 S. Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, drawing all justifiable inferences in favor of the party opposing the motions.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).  The Court will not weigh the evidence or evaluate the credibility of witnesses.  Caboni v. General Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The movant bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).  If the movant demonstrates there is an absence of evidence to support the nonmovant's case, the nonmovant must come forward with specific facts showing that there is a genuine issue for trial.  See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356.  To sustain this burden, the nonmovant cannot rest on the mere allegations of the pleadings.  See Celotex, 477 U.S. at 324, 106 S. Ct. at 2553; Caboni, 278 F.3d at 451; FED.R.CIV.P. 56(e).  After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted.  Caboni, 278 F.3d at 451.

**B. Forfeiture**

The government asserts that it is entitled to forfeiture under 21 U.S.C. § 881(a)(4), which describes property subject to forfeiture to the United States, including the following:

> All conveyances, including aircraft, vehicles, or vessels, which are used or are intended for use, or transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances or their components].

The government must prove the connection between the property to be forfeited and the drug or money laundering activity by a preponderance of the evidence.  U.S. v. 5 S 351 Tuthill Road, Naperville, Ill., 233 F.3d 1017, 1023 (7th Cir. 2000).  The "preponderance of the evidence"

standard requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before he may find in favor of the party who has the burden to persuade the judge of the fact's existence.  U.S. v. Dodge Caravan Grand SE/Sport Van, 387 F.3d 758, 761 (8th Cir. 2004)(citing Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993)).  Circumstantial evidence and hearsay evidence can be used by the government to establish its burden of proof.  United States v. $242,484.00, 389 F.3d. 1149 (11th Cir. 2004); Dodge Caravan, 387 F.3d at 761.

It is uncontested in this case that marijuana was found concealed in the Defendant Tractor, that the tractor was registered in Celedon's name and that Celedon received notice of the forfeiture and has disclaimed interest in the property.  Accordingly, summary judgment should be entered for plaintiff.

## RECOMMENDATION

Based on the pleadings and supporting affidavits and documentation, it is respectfully recommended plaintiff's motion for summary judgment (D.E. 15) be granted and the Defendant Tractor be forfeited to the United States pursuant to § 21 U.S.C. § 881(a)(4).

Respectfully submitted this 17th day of October, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).